## HARVEY COAL CORPORATION v. UNITED STATES.

### No. 8495.

Circuit Court of Appeals, Sixth Circuit.

Feb. 13, 1941.

J. Nelson Anderson and Stanley Worth, both of Washington, D. C., for appellant.

J. B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn., Samuel O. Clark, Jr., Asst. Atty. Gen., and Edward H. Hammond, Sp. Asst. to Atty. Gen., for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

PER CURIAM.

In an appeal from an order dismissing the suit of the appellant to recover federal income and excess profit taxes paid for the calendar year 1917 upon the ground that the taxes had been collected after the bar of the statute had fallen; and

It appearing from the government's answer that the defense was based upon the limitation of the statute being tolled by the filing of a claim for abatement made on behalf of the taxpayer within the provisions of Sec. 611 of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev.Acts, page 461; and

It further appearing that the taxpayer insists that the claim of abatement was invalid to toll the statute because not made by it nor by anyone authorized to file such claim in its behalf; but

It also appearing that the taxpayer had entered into a written lease with another corporation, by the terms of which the lessee agreed to pay all taxes assessed against the taxpayer, including income and excess profit taxes; and

It being the view of the court that by such agreement the lessee was not only under obligation to pay such taxes, but was also vested with authority as a necessary incident thereto, to contest their correctness and validity, and in such challenge to file any appropriate claim of abatement in respect thereof, and that the appellant is without right to now question the authority of the lessee in that respect in a claim against the government, and that it is immaterial whether the denial of such right is based upon the principles of agency, upon the doctrine of estoppel, or upon the more general principle announced by us in Warner Collieries Co. v. United States, 6 Cir., 63 F.2d 34, wherein we denied the right of a taxpayer to assume an inconsistent position at the expense of the government,

It is ordered that the judgment below be and it is hereby affirmed.